IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ziaul M. Hossain,<br><br>    Plaintiff,<br><br>v.<br><br>Duke Energy,<br><br>    Defendant. | Case No.: 4:18-cv-00404-SAL<br><br><br>**OPINION AND ORDER** |

### I. Introduction

Plaintiff Ziaul M. Hossain, proceeding *pro se*, filed this action against Defendant Duke Energy on February 12, 2018, asserting violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq.*, and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d).

This matter is before the Court for review of the July 21, 2020 Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). In the Report, the Magistrate Judge recommends granting Defendant's Motion for Summary Judgment, ECF No. 101, except as to Plaintiff's claim for failure to hire arising under the ADA. The Magistrate Judge further recommends granting Defendants' Motion to Compel Mediation. ECF No. 86. The Report sets forth the factual background of this case and evidence relevant to Defendant's motion, and the Magistrate Judge's recitation of the record evidence is incorporated herein.

Duke Energy filed its objections to the Report on August 4, 2020. ECF No. 117. In its objection, it argues that Plaintiff has failed to adduce sufficient evidence to raise a genuine issue

1

of material fact on his failure to hire claim. Specifically, Defendant argues that Plaintiff has failed to establish that he was qualified for the relevant positions or that his applications were rejected under circumstances giving rise to an inference of discrimination. *See id.* at 2-4. Plaintiff did not file objections to the report or reply to Defendant's objections, and the time to do so has lapsed.

## II.     Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but the non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

Having applied the foregoing standard, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those

portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

### III.     Discussion

The record evidence permits a reasonable inference that Defendant discriminated against Plaintiff when it failed to hire him between 2015 and 2016, and Defendant's motion is accordingly denied as to this claim.

Plaintiff's ADA failure-to-hire claim is analyzed under the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Within that framework, a plaintiff must first make out a *prima facie* case of discrimination by showing that (1) he qualifies as disabled under the ADA; (2) he applied for the vacant position in question; (3) he was qualified for that position; and (4) his application was rejected under circumstances giving rise to an inference of discrimination. *Malone v. Greenville Cnty*, C/A No. 6:06-cv-2631-RBH, 2008 WL 4557498, at *9 (D.S.C. Aug. 11, 2008) (citing *Heiko v. Colombo Savings Bank, F.S.B.*, 434 F.3d 249, 258 (4th Cir. 2006)). If the plaintiff satisfies this burden, the burden shifts to the defendant to set forth a "legitimate, non-discriminatory explanation for its decision." *Heiko*, 434 F.3d at 258. The burden then "reverts to the plaintiff to establish that the employer's non-discriminatory rationale is a pretext for intentional discrimination." *Id.* at 258 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)). The *McDonnell Douglas* framework is not intended to be applied in a "rigid, mechanized, or ritualistic" manner. *Furnco Const. Corp. v.*

*Waters*, 438 U.S. 567, 577 (1978). "Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experiences as it bears on the critical question of discrimination."

### A. A Reasonable Jury Could Infer that Plaintiff was Qualified for Many of the Positions at Issue.

Defendant's first argument–that Plaintiff fails to substantiate the third element of his *prima facie* case–misses the mark. The record evidence before the Court at this stage gives rise to a reasonable inference that Plaintiff was qualified for most of the positions for which he applied. In Plaintiff's discovery responses, which Defendant filed with its motion, Plaintiff submits that he was qualified as a graduate of Drexel University with a bachelor's degree in electrical engineering. ECF No. 102-2 at 54. There is also no dispute in this case that Defendant hired Plaintiff as an Engineer II in 2013, and it stands to reason that Plaintiff remained qualified for other Engineer I and Engineer II positions–for which applied–within Duke Energy thereafter.

Defendant also argues that the Report errs in relying on a spreadsheet that Defendant filed, which notes the reasons why Plaintiff was not hired for sixty-four different positions. *See* ECF No. 102-11. As noted, this document shows that many of the positions for which Plaintiff applied carried the same or lower-ranking title than the position Plaintiff already had. In addition, it differentiates between jobs for which Plaintiff "[d]id not meet basic qualifications" and jobs for which Plaintiff was simply "[n]ot [the] most qualified" candidate. *Id.* This differentiation, as well as the standalone implication of the latter description, suggest that Plaintiff was qualified for many positions. Defendant, however, argues this spreadsheet was filed "*for the sole purpose* of acknowledging Plaintiff's application history. [This document] did not serve as an acknowledgement of Plaintiff's qualifications." ECF No. 117 at 3 (emphasis in original). The Court is unaware of any authority–and Defendant does not offer any–for the proposition that this document is only admissible for the purpose of acknowledging Plaintiff's application history.

Further, although the foundation for the spreadsheet is not apparent, Defendant has waived evidentiary argument regarding the proper inferences to be drawn from the document at this stage by filing it with the Court in support of its motion.

Because the record contains sufficient evidence upon which a jury could find for Plaintiff on the issue of whether he was qualified for the positions at issue, this objection is overruled.

> **B.  Considering the Facts Supported by the Record, the Circumstances Surrounding Defendants' Rejection of Plaintiff's Applications Gives Rise to a Reasonable Inference of Discrimination.**

The totality of the circumstances evidenced by the record at this stage does not permit the Court to conclude that, as a matter of law, Plaintiff was not subject to unlawful discrimination, and Defendant's objection on this point is accordingly overruled.

Most of this objection is premised on Plaintiff's claimed "non-existent evidence" regarding his qualifications, and it is overruled in part for reasons previously stated. Defendant also argues that the circumstances under which Plaintiff's application were rejected do not give rise to an inference of discrimination because "Duke Energy filled the available employment opportunities . . . for non-discriminatory reasons, choosing the most qualified candidates for the positions that were filled." ECF No. 117 at 4. The objection ignores evidence to suggest that, in addition to the positions that Duke Energy may have filled with a more qualified applicant, Duke Energy also cancelled twenty-two job postings and put eleven more "on hold." ECF No. 102-11. The Court assumes that Plaintiff was in fact qualified for certain of these positions, as the undersigned must view the evidence in a light most favorable to him. The numerosity of Plaintiff's unsuccessful applications does not, on its own, support an inference of discrimination. Here, however, Defendant had knowledge of Plaintiff's health condition and his past extended leave of absence. The Court does not have before it any record evidence showing that applications other than

5

Plaintiff's had been received for cancelled postings or how many postings were cancelled for which Plaintiff *did not* apply. Such evidence would, arguably, tend to negate the inference that Duke Energy specifically did not want to hire Plaintiff because of his medical condition.

The case may be that Duke Energy did have legitimate, non-discriminatory reasons for removing so many job postings, and the case may also be that Duke Energy did not want to hire Plaintiff because of his demonstrated lack of proficiency. Without any evidence explaining why Defendant cancelled so many postings or who else applied for them, however, the Court agrees with the Magistrate Judge that the circumstances evidenced by the record do not establish Defendant's entitlement to judgment as a matter of law at this stage.

Accordingly, because the evidence before the Court, viewed in a light most favorable to Plaintiff, gives rise to a reasonable inference of discrimination, Defendant's objection on this point is overruled.

### C.     Mediation

The controlling scheduling order as well as the undersigned's standing orders require the parties to conduct a mediation in this matter, and Defendant's Motion to Compel Mediation is granted. Mediation shall be conducted on or before October 25, 2020. As it appears Plaintiff has already rejected an alternative arrangement, the mediator's fees shall be paid in equal shares by Plaintiff and Defendant. *See* Local Civil Rule 16.11(C) (D.S.C.).

### IV.     Conclusion

After a thorough review of the record, the Report, the parties' objections and reply, and the applicable law, the Court overrules Defendant's objections and adopts the Report, ECF No. 115, in its entirety. Accordingly, Defendant's Motion for Summary Judgment, ECF No. 101, is

GRANTED in part and DENIED in part, and Defendant's Motion to Compel Mediation, ECF No. 86, is GRANTED. Mediation shall be conducted on or before October 25, 2020.

IT IS SO ORDERED.

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

August 24, 2020

Florence, South Carolina